## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

LaShaun Denise Adams                                                        Plaintiff

v.                           No. 4:14-CV–00687 JLH-JTR

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                          Defendant

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge

J. Leon Holmes.   A party to this dispute may file written objections to this

recommendation.   An objection must be specific and state the factual and/or legal

basis for the objection.  An objection to a factual finding must identify the finding and

the evidence supporting the objection.  Objections must be filed with the clerk of the

court no later than 14 days from the date of this recommendation.[1]  The objecting

party must serve the opposing party with a copy of an objection.  Failing to object

within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed,

Judge Holmes may adopt the recommended disposition without independently

reviewing all of the record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Lashaun Denise Adams seeks judicial review of the partially favorable decision addressing her third application for disability insurance benefits.[3]  Adams based her claim on problems with her feet, back, neck, and vision.[4]  During the pendency of the application, Adams underwent surgery on her wrists and neck.  The surgeries served as the basis for the partially favorable decision.

**The Commissioner's decision**.  The Commissioner's ALJ determined Adams was disabled from March 1, 2011 — when she underwent left wrist surgery — until December 31, 2012 — one year after neck surgery.[5]  The ALJ awarded benefits for that time period, based on recovery time.[6]  The ALJ determined Adams medically improved as of January 1, 2013, such that Adams could do some light work.[7]  Because a vocational expert identified available light work, the ALJ concluded that Adams was

---

[3]SSA record at pp. 149 (applying on Sept. 13, 2011 and alleging onset on Aug. 20, 2011).  In the first and second applications, Adams based disability on injuries ostensibly sustained in a motor vehicle accident.  *Id*. at p. 163 & 166.  Those applications were denied on Aug. 28, 2008 and Nov. 5, 2009.

[4]*Id*. at p. 171.

[5]*Id*. at p. 12.

[6]*Id*. at p. 16.

[7]*Id*. at p. 20.

2

not disabled as of January 1, 2013 and denied further benefits.[8]

Adams asked the Commissioner's Appeals Council to review the unfavorable aspect of the ALJ's decision.[9] The Appeals Council declined to review the decision.[10] That action made the ALJ's decision a final decision for the purpose of judicial review.[11]

Adams filed this case to challenge the cessation of benefits beginning January 1, 2013.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision.[13] This recommendation explains why substantial evidence supports the decision.

---

[8]*Id.* at p. 26.

[9]*Id.* at p. 33.

[10]*Id.* at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 423(f)(1) (decision to cease benefits must be supported by "substantial evidence which demonstrates that—(A) there has been any medical improvement in the individual's impairment or combination of impairments … and (B) the individual is now able to engage in substantial gainful activity"); *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008) ("When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where he is able to perform substantial gainful activity.").

**Adams's allegations**.  Adams  challenges the ALJ's consideration of reflex sympathetic dystrophy syndrome.  She suggests the ALJ failed to apply follow agency guidance.  She contends substantial evidence doesn't show medical improvement. She maintains she is entitled to continued benefits.[14]

**Applicable legal principles**.  A decision ceasing benefits must be supported by substantial evidence showing medical improvement in the claimant's impairment such that she can now engage in substantial gainful activity.[15]  For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to show Adams improved on January 1, 2013, such that she can do some light work.[16]

**Medical improvement.**  The first question is medical improvement.[17]  The Commissioner determines medical improvement by comparing the claimant's present condition with her condition at the time benefits were awarded.  To do that, the

---

[14]Docket entry # 20.

[15]*See* 42 U.S.C. § 423(f)(1).

[16]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[17]42 U.S.C. 423(f)(1) ("substantial evidence [must] demonstrate[] that— (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity").

Commissioner compares current medical evidence with the prior medical evidence to determine whether "there have been changes (improvement) in the symptoms, signs or laboratory findings associated with [the claimant's] impairment(s)."[18]  The court must determine whether medical evidence shows improvement in Adams symptoms, signs or laboratory findings as of January 1, 2013, as compared to the time benefits were awarded on March 1, 2011.

Prior medical evidence shows Adams underwent left wrist surgery on March 2, 2011.[19]  Two weeks later, she reported much less tingling and numbness; she was doing well.[20]  Two months later, she underwent right-wrist surgery.[21]  Adams initially reported improvement — much less tingling and numbness[22] — but three months later, she complained about increased symptoms in the right wrist and right elbow.[23]  Her surgeon recommended another surgery.[24]  The surgery was done September

---

[18]20 C.F.R. § 404.1594.

[19]SSA record at p. 283.

[20]*Id*. at p. 282.

[21]*Id*. at p. 277.

[22]*Id*. at p. 275.

[23]*Id*. at p. 269.

[24]*Id*. at p. 270.

2011.[25]   After surgery, Adams developed reflex sympathetic dystrophy syndrome (RSDS) in the right wrist.[26]

RSDS is characterized by pain "disproportionate to the severity of injury, usually accompanied by other changes … such as increased sensitivity of the skin, changes in skin color and texture, swelling and stiffness of joints, changes in skin temperature, or changes in nail and hair growth."[27]   Developing RSDS in the right wrist is probative of Adams's claim because she is right hand dominant.

Doctors prescribe various treatments for RSDS.[28]   Outcomes vary, but medical literature indicates symptoms "reduce significantly over the first 6 to 13 months."[29]   The record indicates RSDS resolved fairly quickly because there is no mention of the RSDS after December 2011[30] when Adams underwent neck surgery.[31]

---

[25]*Id*. at p. 264.

[26]*Id*. at pp. 388, 390 & 450.

[27]1-C Attorneys' Dictionary of Med. C 28143 & 28144.

[28]Nat'l Inst. of Neurological Disorders and Stroke, Nat'l Inst. of Health, Complex Regional Pain Syndrome Fact Sheet (June 2013).

[29]Debbie J. Bean, Malcolm H. Johnson & Robert R. Kydd, Critical Review, The Outcome of Complex Regional Pain Syndrome Type 1: A Systematic Review, 15 The J. of Pain 677 (2014).

[30]SSA record at pp. 869-70 (physical therapy on Nov. 29-30, 2011) & p. 422 (evaluation for neck surgery on Dec. 14, 2011).

[31]*Id*. at p. 426.

Adams suggests the ALJ failed to properly consider RSDS, but agency guidance directs the ALJ to evaluate RSDS "using the sequential evaluation process, just as for any other impairment," and once RSDS is established as a medically-determinable impairment, to "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities."[32]

The ALJ complied with the guidance by determining RSDS was a medically-determinable impairment, relying on the lack of followup treatment in discounting complaints of disabling pain, allowing one year for recovery from surgery, and finding medical improvement on January 1, 2013.  The ALJ properly considered RSDS.

Adams reported improvement after neck surgery,[33] but she still had some swelling and weakness in her hands.[34]  Adams sought no further treatment until she spilled hot pie filling over her right wrist.  She testified that her right wrist gave out as she placed a pie into the oven,[35] but at the emergency room, she said the pie became unbalanced when she took the pie out of the oven, causing the filling to spillover onto

---

[32]SSR 03-02p, Titles II & XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome.

[33]SSA record at p. 467 (30 days after neck surgery).

[34]*Id*. at p. 987 (Feb. 13, 2012).

[35]*Id*. at p. 58.

her wright wrist.[36]   These inconsistent explanations undermine the Adams's credibility.  The lack of followup treatment indicates improvement in symptoms, signs or laboratory findings associated with Adams's impairments.   Current medical evidence reflects complaints of headaches,[37] but nothing implicating the impairments underlying the award for benefits.   The ALJ properly determined that Adams medically improved.

**Ability to work**.  The next question is whether Adams could work as of January 1, 2013.[38]   If a claimant's medical condition improves, and she still has severe impairments, the Commissioner must determine whether the claimant can do her past work, and if not, whether she can perform other work.[39]  The ALJ determined that Adams developed no new impairments, but that treatment and recovery time enabled her to do some light work.

----

[36]*Id*. at p. 962.

[37]*Id*. at p. 957 (Mar. 29, 2012: sinusitis), p. 954 (June 21, 2012: medication refills for asthma and headaches), & p. 952 (Nov. 6, 2012: pathology results for ectopic pregnancy).

[38]42 U.S.C. 423(f)(1) ("substantial evidence [must] demonstrate[] that— (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's
ability to work), and (B) the individual is now able to engage in substantial gainful activity").

[39]20 C.F.R. § 404.1594.

8

Substantial evidence support the ALJ's determinations because the evidence shows no new impairments and because Adams sought no followup treatment for her wrist and neck.  The lack of followup treatment indicates her symptoms improved.

The agency medical expert limited Adams to light work, but excluded overhead reaching because of the fusion of cervical vertebrae.[40]  The ALJ added postural and hazard limitations and then questioned a vocational expert about available work.  The vocational expert identified hotel front desk clerk, cashier II, and price tag ticketer as representative jobs.[41]  These representative jobs show work exists that Adams can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[42]

**Conclusion and recommendation**.  Substantial evidence supports the ALJ's decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Adams's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

---

[40]SSA record at p. 486.

[41]*Id*. at p. 77.

[42]42 U.S.C. § 1382c(a)(3)(B) (defining disability).

9

Dated this 27th day of November, 2015.

_____
United States Magistrate Judge